FILED
SUPERIOR COURT
OF GUAM

2024 JAN 18 PM 1: 10

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>               Plaintiff,<br><br>vs.<br><br>**SHARDAE ROXANNE UNTALAN LOVE,**<br>DOB: 11/05/1986<br><br>               Defendant. | Criminal Case No. CF0119-18<br>GPD Report No.: 18-05924<br><br><br>**DECISION AND ORDER**<br>(Revocation of Probation) |

### INTRODUCTION

This matter came before the Honorable Alberto E. Tolentino on September 25, 2023, for a Revocation Hearing. Assistant Public Defender David Highsmith appeared for Shardae Roxanne Untalan Love ("Defendant"). Assistant Attorney General Marianne Woloschuk appeared for the People of Guam ("People"). Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following order **GRANTING** the People's request to revoke Defendant's probation.

## BACKGROUND

On March 08, 2018, Defendant was indicted in CF0119-18 for Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony).

On May 19, 2019, Defendant pled guilty to: Possession of a Schedule II Controlled Substance (As a 3rd Degree Felony). Plea Agreement, March 14, 2019. Defendant was sentenced to three years of incarceration with credit for time served and placed on supervised probation for a period of five years with conditions after his release. *Id.* at 4. The conditions of Defendant's probation included:

- Defendant shall serve 150 hours of community service. *Id.*

- Defendant shall attend two (2) recovery support group meetings per week for twelve (12) weeks after taking of Defendant's plea, for a total of 24 meetings, or as otherwise ordered by the Court. *Id.*

- Defendant shall attend and successfully complete any drug and/or alcohol counseling program recommended by Court after assessment at Guam Behavioral Health and Wellness Center and diligently report within seventy-two (72) hours from either Defendant's release from the Department of Corrections of Defendant's guilty plea, whichever is later. *Id.*

- Defendant shall report to Probation Services three times per week or as ordered by the Court. *Id.*

- Defendant shall not possess or consume any alcohol or illegal controlled substances. *Id.* at 5.

- Defendant shall obey all local and federal laws. *Id* at 6.
- Defendant was required to pay a fine of $5,000, plus court costs. *Id* at 3.

Subsequently, Adult Probation Services ("Probation") filed seven violations against the Defendant for probation violations post-Plea Agreement. The following violations were filed:

1. On June 12, 2019, Probation filed a violation against the Defendant for failure to report three (3) times a week for drug testing. Defendant failed to submit proof of attendance or completion of a drug rehabilitation program. The probationer was referred to New Beginnings on March 12, 2019, last attended treatment on May 3, 2019, and failed to attend since that date. Defendant has also failed to make any payments towards her fine and court costs, failed to perform and complete community service, and failed to submit proof of attendance or completion of twenty two (22) out of twenty four (24) sober support meetings.

2. On September 30, 2019, Probation filed a violation against the Defendant for failure to report to the Probation Office three (3) times a week via telephone to the Probation Office every Monday, Wednesday, and Friday. She last reported on July 9, 2019, and failed to report for the remainder of the month of July, the month of August, and failed to report for the month of September, 2019.

3. On December 30, 2019, Probation filed a violation against the Defendant for failure to report three (3) times a week to the Probation Office. A wellness check was conducted at the Probationer's residence on December 17, 2019, where the probationer was

instructed to contact the Probation Office to schedule a meeting. Defendant also failed to make any payment on court fines. Defendant failed to attend at least two (2) sober support meetings a week, for a total of twenty-four (24) meetings to attend. The probationer attended two (2) meetings to date: March 13 and 19, 2019, but has not submitted any further documentation of attendance.

4. On February 4, 2020, Probation filed a violation against the Defendant Probation filed a violation against the Defendant for failure to report three (3) times a week to the Probation Office for the months of January and February. Defendant failed to submit proof of attendance or completion of a drug rehabilitation program. Defendant also failed to make any payment on court fines. Finally, Defendant failed to attend at least two (2) sober support meetings a week, for a total of twenty-four (24) meetings to attend. The probationer attended two (2) meetings to date: March 13 and 19, 2019, but has not submitted any further documentation of attendance.

5. On June 16, 2021, Probation filed a violation against the Defendant for failure to report to the Probation Office, in person, three times a week via telephone. Defendant failed to submit proof of attendance or completion of a drug rehabilitation program. Defendant has failed to make monthly payments towards fines and court costs, and failed to complete community service. Defendant failed to submit proof of attendance or completion of twenty-four (24) sober support meetings.

6. On April 12, 2022, Probation filed a violation against the Defendant for failure to stay out of trouble. Probationer was apprehended by Superior Court Marshals on an active warrant signed on December 2, 2021. The probationer opted to admit to ingesting an

illegal controlled substance namely "methamphetamines" on April 12, 2022 via declaration.

7. On October 13, 2023, Probation filed a violation against the Defendant for failure to report to the Probation Office three (3) times a week for drug testing. Defendant failed to submit proof of attendance or completion of a drug rehabilitation program. Defendant also failed to make monthly payments towards her fine and court costs, failed to perform and complete community service, and failed to submit proof of attendance or completion of twenty-two (22) out of twenty-four (24) sober support meetings.

Additionally, two bench warrants and five commitment orders were issued in this case. People's Motion to Revoke Defendant's Probation, October 18, 2022.

The People then filed a Motion to Revoke Defendant's Probation and Impose Jail Sentence on October 20, 2022. Defendant filed an Opposition to the People's Motion to Revoke Defendant's Probation and Impose Jail Sentence on September 18, 2023.

**DISCUSSION**

Title 9 G.C.A. § 80.66(a)(2) provides "[a]t any time before the discharge of the offender or the termination of the period of suspension or probation . . . the court, if satisfied that the offender has inexcusably failed to comply with a substantial requirement imposed as a condition of the order may revoke the suspension or probation and sentence or re-sentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that

revocation under all the circumstances then existing will best satisfy the ends of justice and the best interests of the public." When a court revokes probation, it is empowered to sentence the defendant to any sentence that may it have originally imposed. 9 G.C.A § 80.66(b). The decision to revoke probation is discretionary, and there is no bright-line rule for when revocation is appropriate. *United States v. Gallo*, 20 F.3d 7, 14–15 (1st Cir. 1994).

The Supreme Court of Guam has held "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26. The Supreme Court of Guam reasoned that while probation "implicates a liberty interest," the probationer is not entitled to the "full panoply of due process rights due to other criminal defendants." *Id.* Probationers facing potential revocation are entitled to: "(1) notice of claimed violations; (2) [an] opportunity to hear and present evidence; (3) the conditioned right to confront adverse witnesses; (4) an independent decision maker; and (5) a written report of the hearing." *Id.* Probation revocation is a two-step process. The first step is to "make a factual determination that a violation of a condition of probation has actually occurred." *Id.* at 27. If the violation is proven, the second step is for the Court to ". . . determine if the violation warrants revocation of probation." *Id.*

**A. Defendant violated her conditions of probation.**

The standard for determining whether a probationer violated a condition of their probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation. *Id.* at ¶

30. The Court's decision to revoke "must be based on credible evidence, but the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.*

After reviewing the violations filed by Probation at the Revocation Hearing, the Court finds that Defendant has inexcusably violated multiple conditions of her probation on several occasions.

## B. Whether Defendant's violation of probation warrants revocation.

The Supreme Court of the United States has stated that regarding probation revocation, "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means. [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (1983) (internal citations and quotations omitted).

A probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. *See Camacho*, 2009 Guam 6 ¶ 31. In *Camacho*, the Supreme Court of Guam held that a probationer's violation of his probation conditions was serious enough to warrant revocation where the probationer failed to report for drug tests and where the defendant failed to pay a fine. *Id.* The Supreme Court of Guam reasoned that because the defendant was convicted of drug-related offenses, the purpose of the testing probation condition was to ensure the defendant remained sober. *Id.* The Supreme Court of Guam also acknowledged that failure to pay a fine alone was not as serious as the failure to report for drug tests. *Id.*

Defendant entered into the Plea Agreement in 2019 but has failed to make substantial progress towards completing her probation conditions. If Defendant were to benefit from probation, she would have made greater progress towards completing her treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. Defendant frequently fails to report to Probation and has been the subject of two bench warrants and five commitment orders. Of even greater concern to the Court is the Defendant's inability to seek treatment and provide positive test results; by her admission Defendant is still ingesting methamphetamine two years after entering the plea agreement. Such actions demonstrate that Defendant will not benefit from probation and should be remanded into custody.

The theory of treatment conditions include: aiding rehabilitation and averting recidivism. Treatment provides the prospect of a better quality of life and a capability of sobriety, both of which would ease Defendant back into society. However, Defendant's absence from reports frustrates the purpose of seeking recovery. Defendant was granted the opportunity, time, and support to comply with her conditions. Yet, Defendant deliberately avoids doing so.

Although Defendant's probationary period has not expired, she has made little progress on her probation conditions and by her own admission has used methamphetamine during the probation period. Accordingly, it is in Defendant's best interest for the Court to revoke probation.

## CONCLUSION AND ORDER

For the above reasons, the Court **GRANTS** the People's request to revoke Defendant's probation. Defendant's probation is hereby revoked and Defendant is sentenced to three (3) years of imprisonment at the Department of Corrections, Mangilao, with credit for time served. The Court orders the other terms of Defendant's Plea Agreement and Judgement of Conviction waived.

SO ORDERED, *Nunc Pro Tunc* to September 25, 2023, this _____ day of __JAN 1 8 2024__, 2024.



HONORABLE ALBERTO E. TOLENTINO
Judge, Superior Court of Guam
